UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABS INDUSTRIES, INC., | ) | CASE NO.:  3:07CV1339 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| FIFTH THIRD BANK, et al., | ) | (Resolving Docs. 36 and 43) |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on a motion filed by Defendants Fifth Third Bank and BAL Global Finance, LLC (collectively "Defendants") seeking under Fed.R. Civ.P. 12(b)(6) to dismiss the Complaint filed by Plaintiff ABS Industries, Inc. ("ABS"). ABS has responded in opposition to the motion and Defendants have replied. The Court's ruling will also serve to DENY ABS' motion to amend its complaint a second time.

The Court has been advised, having reviewed the motion, pleadings, and applicable law. For the reasons stated below, it is determined that Defendants' Motion is GRANTED. The Amended Complaint is hereby DISMISSED.

**I. Facts**

On February 8, 2007, ABS filed suit against Defendants. In its complaint, ABS raised a single claim of breach of contract against Defendants. On September 21, 2007, Defendants moved to dismiss the complaint on numerous grounds, including res judicata. Plaintiff responded in opposition to the motion on October 22, 2007. Defendants filed

their reply in support of the motion on November 5, 2007. The matter now appears before the Court.

## II. Legal Standard

The Sixth Circuit stated in *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

*Id.* at 548.

Moreover, if an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the

2

material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**III. Analysis**

ABS first contends that this motion to dismiss should be converted to a motion for summary judgment because Defendants rely upon documents outside the pleadings. The Court finds no merit in this position.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). The Sixth Circuit has further held that "'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993)). The documents relied upon by the Court in reaching its determination of this issue are either referenced in ABS' complaint or matters of public record. Consequently, the Court declines to convert this motion to dismiss into a motion for summary judgment.

In their motion, Defendants contend that this complaint is barred by the doctrine of res judicata.[1] Defendants assert that ABS' dismissal of a state court action against its agent, National City Bank ("NCB"), operates to bar this action. *See ABS Industries, Inc.*

---

[1] The Court notes that it has chosen to address in detail only one of the defenses proffered in the motion for summary judgment. Upon review, however, it appears that numerous defenses raised by Defendants would mandate judgment in Defendants' favor.

3

*v. Nat'l City Bank*, Ashtabula County Court of Common Pleas Case No. 98CV477 (Electronic Doc. 36-7). In response, ABS contends that NCB was not "an agent in a legal sense." The Court finds merit in Defendants' position.

When considering the preclusive effect of a state court judgment, we must look to the law of that state. *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Under Ohio law, "'A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction … is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'" *Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995) (quoting *Norwood v. McDonald*, 52 N.E.2d 67, paragraph one of the syllabus (Ohio 1943)). If an agency relationship exists, then privity exists for the purpose of applying the doctrine of res judicata. *See Transcontinental Ins. Co. v. Edgewood Golf & Swim Club, Inc.*, 1992 WL 195453, at *2 (Ohio Ct. App. 1992).

"[W]hen a dismissal is with prejudice, the dismissed action in effect has been adjudicated upon the merits, and an action based on or including the same claim may not be retried[.]" *Olynyk v. Scoles*, 868 N.E.2d 254, 257 (Ohio 2007) (citation and quotation omitted). It is undisputed that ABS filed suit in state court against NCB. That action was subsequently dismissed with prejudice. A ruling on the merits, therefore, occurred for the purposes of res judicata.

Moreover, ABS has offered no argument that the claims raised in that complaint differ in any manner from the claims raised in the instant complaint. Additionally, the Court has reviewed the complaint filed in the state action. In paragraph 64 of that complaint, ABS alleged that NCB "breached the terms of the loan agreements[.]" The facts relied upon to support this conclusion are largely the same facts used in support of

the instant cause of action. The Court concludes that the claim raised in the instant matter is the same claim raised in the state court complaint. Furthermore, assuming minor differences between the claims would not defeat the application of res judicata. The underlying facts of both complaints are identical. Ohio law holds that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or *might have been* litigated in a first lawsuit." *Natl. Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1180 (1990) (emphasis in original, quotation omitted). Accordingly, to the extent that the current claims differ in any manner from the claims in the state court complaint, the Court has determined that any "new" claim should have been raised in the state court complaint.

The sole contention raised by ABS with respect to res judicata is its assertion that NCB was not an agent for Defendants. ABS' argument is not well taken.

As detailed above, in ruling on a 12(b)(6) motion, the Court must accept as true the allegations in the complaint. In its complaint, ABS alleged as follows:

> Pursuant to Section 7B of the Agreement, each bank irrevocably appointed NCB as its agent with full authority to take such action, and exercise such powers, on behalf of the banks in connection with the Agreement as are delegated to NCB or as are reasonably incidental to those delegated powers….
>
> At all relevant times, NCB acted as the actual and apparent agent for 5/3 and Sanwa, and they are therefore bound by all actions taken by NCB as [its] principal.

Doc. 31 at 8-11. These allegations were similarly raised in the state court complaint, in which ABS asserted as follows:

> NCB was required to administer and monitor the various credit facilities provided to ABS, to receive and review both the daily and monthly reports submitted by Mr. Ursu to NCB, and otherwise to take such steps as might be consistent with sound and prudent banking practice to assure the

5

>compliance of ABS with the covenants contained in its loan agreements with NCB and the participating banks.

Doc. 36-7 at 7. This complaint was filed in July of 1998.

Following the motion to dismiss, ABS for the first time has sought to retract its allegations that NCB was Defendants' agent. ABS contends that the motion to dismiss caused it "to more closely focus on these discrete legal questions, giving rise to a more refined analysis[.]" This position is not well taken. Litigation surrounding these factual issues has been ongoing for nearly a decade. For roughly nine years, ABS has repeatedly alleged that NCB was the agent of Defendants; only when confronted with adverse legal authority that would result in dismissal of its suit has ABS attempted to alter its long-held position. The Court will not permit ABS to change stride in the middle of this litigation and disavow the allegations of its own complaint solely to survive a motion to dismiss.[2]

In a subsequently filed motion for leave to file a second amended complaint, ABS stated as follows: "Plaintiff seeks leave to amend its complaint to exchange the existing, broader and inaccurate allegations of the complaint with the more precise analysis set forth in its opposition to the Defendants' Motion to Dismiss." Doc. 43 at 3. ABS appears to contend that since the issue of agency was not raised in the first motion to dismiss filed by Defendants that it had no reason to examine its own allegations. ABS, however, ignores that Fed.R. Civ.P. 11(b) requires that counsel have a good faith belief in the allegations of the complaint prior to filing it. Consequently, there is no merit in ABS' contention that it should be permitted to correct its "inaccurate allegations" of agency.

Accepting the facts as true, as alleged by ABS on repeated occasions, the Court finds that an agency relationship existed between NCB and Defendants. Accordingly, the

---

[2] For this reason, ABS' motion to amend its complaint a second time is denied.

6

Court finds that privity existed between NCB and Defendants. The valid judgment on the merits in the state court action against NCB, therefore, operates to bar the current complaint against Defendants.

### IV. Conclusion

The Defendants' Motion to Dismiss is GRANTED. ABS' motion to amend its complaint a second time is DENIED. The Amended Complaint is dismissed for failure to state a claim upon which relief can be granted.

So ordered.

May 23, 2008 /s/ Judge John R. Adams
Date JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT